**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **Criminal No.** |
| | § | |
| **NISHANT PATEL,** | § | |
| | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and Rodolfo Ramirez, Assistant United States Attorney; Glenn S. Leon, Chief of the Fraud Section of the Criminal Division of the United States Department of Justice ("Fraud Section"), and Della Sentilles and Louis Manzo, Trial Attorneys of the Fraud Section; and Defendant Nishant Patel ("Defendant"), by and through Defendant's counsel, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.      Defendant agrees to plead guilty to Count One of the Information, which charges Defendant with conspiracy to commit the following offense against the United States, in violation of Title 18, United States Code, Section 371.  Defendant, by entering this plea, agrees that he is waiving his right to grand jury indictment, and he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Information, proved to a jury, or proven beyond a reasonable doubt.

### Punishment Range

2.      The statutory maximum sentence that the Court can impose for a violation of Title

18, United States Code, Section 371, is not more than 5 years of imprisonment and a fine of $250,000, or twice the gross gain or loss, whichever is greater.  In addition, Defendant may receive a term of supervised release after imprisonment of up to three years.  18 U.S.C. §§ 3559(a)(4) and 3583(b)(2).  Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release that may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation.  18 U.S.C. §§ 3559(a)(4) and 3583(e)(3).  Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3.      Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.  The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.  Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

2

### Waiver of Appeal and Collateral Review

5.      Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.      Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

7.      In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant

3

further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated Guidelines range.

8.      Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9.      The United States agrees to each of the following:

   i.   At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two-level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

   ii.  If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of Section 3E1.1(a) is 16 or greater, the United States will move under Section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas and Fraud Section Only

10.     The United States Attorney's Office for the Southern District of Texas and the Fraud Section agree that they will not further criminally prosecute Defendant for offenses arising from conduct charged in the Information. This plea agreement binds only the United States

4

Attorney's Office for the Southern District of Texas, the Fraud Section, and the Defendant. It does not bind any other United States Attorney's Office or any other unit of the Department of Justice. The United States Attorney's Office for the Southern District of Texas and the Fraud Section will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

11.     The United States reserves the right to carry out its responsibilities under Guidelines sentencing. Specifically, the United States reserves the right:

> i.   to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;
>
> ii.  to set forth or dispute sentencing factors or facts material to sentencing;
>
> iii. to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;
>
> iv.  to file a pleading relating to these issues, in accordance with Section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and
>
> v.   to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

12.     Defendant is aware that the sentence will be imposed after consideration of the 2021 United States Sentencing Guidelines and Policy Statements, which are advisory, and the factors listed in Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted

5

the applicable Sentencing Guidelines.  Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea and will remain bound to fulfill all of the obligations under this plea agreement.

13.    Pursuant to Rule 11(c)(1)(B) the parties agree that they jointly will recommend that the Court make the following findings and conclusions as to the Sentencing Guidelines calculation and applicable fine, and that the applicable burden of proof for each finding of fact and law has been satisfied. Defendant understands that this recommendation is not binding on the Court, and if the Court refuses to follow the recommendations set forth in this paragraph, Defendant will not be permitted to withdraw his guilty plea.

Offense Level.  The total offense level is **16**, calculated as follows:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss is More Than $250,000 But Less Than $550,000 | +12 | U.S.S.G. § 2B1.1(b)(1)(G)) |
| Total (without acceptance adjustment) | **19** | U.S.S.G. § 2S1.1(a)(1) |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1 |
| Final Offense Level | **16** | |

14.    Defendant understands that the Government's agreement to recommend an acceptance of responsibility reduction is contingent upon his continuing manifestation of acceptance of responsibility, and should Defendant deny his involvement or give conflicting

statements concerning his involvement, the Government shall not be bound to recommend any reduction in offense level for acceptance of responsibility.

15. The parties agree that they will not seek any other enhancements or reductions to the offense level under the Sentencing Guidelines. This paragraph does not prohibit Defendant from arguing that consideration of the factors listed in Title 18, Section 3553(a) warrants a sentence outside the applicable Guidelines range.

## Rights at Trial

16. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

    i. Defendant has a right to have the United States Attorney present the charges in the Information to a grand jury consisting of not less than sixteen (16) nor more than twenty-three (23) impartial citizens, who would hear the facts of the case as presented by the United States Attorney and witnesses, and then return an indictment against the defendant only if twelve (12) or more members of the grand jury found that there was probable cause to believe Defendant committed the crime charged in the Information.

    ii. If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

    iii. At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses, and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

    iv. At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such

7

refusal to testify.  However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

17.     Defendant is pleading guilty because he is in fact guilty of the charge contained in Count One of the Criminal Information.  If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.  The facts set forth below, among others, would be offered to establish Defendant's guilt.  This Factual Basis does not identify all of the persons who may have been involved in illegal activity or facts known to Defendant concerning the illegal activity in which he and others may have engaged.

At all times relevant to the Information:

Defendant was a resident of Houston, Texas, and was the manager of Flash Trucking, LLC, ("FLASH") a Texas limited liability corporation.

Amir Aqeel ("Aqeel") was a resident of Houston, Texas.

### *The Paycheck Protection Program*

The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business.  The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make

8

certain affirmative certifications in order to be eligible to obtain the PPP loan.  In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees.  These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.  In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

A PPP loan application was processed by a participating lender.  If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies.  While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA.  Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities.  The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### *The Fraudulent Scheme*

Beginning in or around April 2020, and continuing until in or around October 2020, Defendant, Aqeel, and others, agreed to and did, with intent to defraud, devise, participate in, execute, and attempt to execute a scheme and artifice to defraud the SBA and certain SBA-

approved PPP lenders to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

Defendant, Aqeel, and others submitted, and caused to be submitted, false and fraudulent PPP loan applications in the name of certain entities to various SBA-approved PPP lenders and companies. These applications contained false and fraudulent representations as to the number of employees and the average monthly payroll.

As part of the scheme, on or about June 29, 2020, Aqeel applied for a PPP loan on behalf of FLASH knowing that certain representations made in the PPP loan application—including the number of employees and average monthly payroll—were false and fraudulent. The false and fraudulent PPP loan application on behalf of FLASH was submitted via the use of interstate wires to a participating SBA approved lender that authorized a PPP loan in the amount of approximately $474,993.

As part of the scheme, Defendant, Aqeel, and others agreed to and did launder PPP loan funds that were obtained via the fraudulent PPP loan application by writing checks payable to people posing as employees of FLASH, but who were not in fact employees, and cashing those checks at a check cashing store controlled by other members of the conspiracy.

Defendant and others wrote these fake payroll checks to make the loan appear forgivable under the terms of the program and to make FLASH's employee count appear consistent with the false representations in the fraudulent PPP loan application.

In total, Defendant provided approximately 195 fake payroll checks totaling approximately $241,497.65. Defendant paid a kickback to Aqeel of approximately $182,849.22.

In total, Defendant profited approximately $292,133.93 from the fraudulent scheme.

Throughout the course of the criminal conduct described in this factual basis, Defendant acted knowingly and willfully with the intent to defraud. For the purpose of effecting the conspiracy and its unlawful objects and executing the scheme, Defendant and others transmitted and caused to be transmitted electronic communications or "wires" in interstate commerce.

## Breach of Plea Agreement

18.    If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant fails to enter or attempts to withdraw his guilty plea; challenges the knowing or voluntary nature of the plea; retains, conceals, or disposes of assets in violation of this plea agreement; or knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, including any statements made by Defendant, including, but not limited to, the factual basis for his guilty plea, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, can and will be used against Defendant in any criminal or civil proceeding.

19.    If Defendant is prosecuted after failing to comply with any promises made pursuant to the plea agreement, then Defendant: (a) agrees that any statements Defendant made to any law enforcement or other government agency or in Court, whether or not made pursuant to the cooperation provisions of the plea agreement, may be used in any way; (b) waives any and all claims under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule, to

11

suppress or restrict the use of my statements, or any leads derived from those statements; and (c) waives any defense to any prosecution that is time barred by the statute of limitations, if that limitations period has run between the date of this plea agreement and the date Defendant is indicted.

### Restitution, Forfeiture, and Fines - Generally

20.     This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

21.     Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.  Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.  Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

22.     Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis of forfeiture, and signing any other documents

12

necessary to effectuate such transfer.  Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

23.     Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

24.     Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.  Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of at least $474,993.  Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).  Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.  Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

25.     Defendant stipulates and agrees that he asserts no interest in the property listed in the Information's Notice of Forfeiture.

26.     Defendant stipulates and agrees that Defendant obtained at least $292,133.93 from the criminal offenses and that the factual basis for his guilty plea supports the forfeiture of at least $292,133.93.  Defendant agrees to the imposition of a personal money judgment in that amount. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists.  Defendant agrees to forfeit any of Defendant's property in substitution, up to a total forfeiture of $292,133.93.

13

27.     Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Upon forfeiture, those funds will be credited against the money judgment amount.

28.     Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

29.     Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

<b>Fines</b>

30.     Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of imprisonment or term of supervised release, if any.  Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.  Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

<b>Complete Agreement</b>

31.     This written plea agreement, consisting of 17 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and

14

voluntarily because he is guilty.

32.     Any modification of this plea agreement must be in writing and signed by all

parties.

Filed at Houston, Texas, on _October 2_____, 2023.

_____
**Nishant Patel**
Defendant

Subscribed and sworn to before me on _October 2_____, 2023.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By:   _____
Deputy United States District Clerk

15

APPROVED:

Alamdar S. Hamdani
United States Attorney
Southern District of Texas

Glenn S. Leon
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By:     _____

Rodolfo Ramirez
Assistant United States Attorney
Southern District of Texas
RRamirez3@usa.doj.gov
(713) 314-6024

_____

Della Sentilles
Louis Manzo
Trial Attorneys
Criminal Division, Fraud Section
Della.Sentilles@usdoj.gov
(202) 445-8793 (Sentilles)

_____

Robert Valles Jr.
Attorney for Defendant
3700 N. Main
Houston, Texas 77009
vallesandassociates@gmail.com
(281) 971-6200

16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO.** |
| | ) | |
| NISHANT PATEL, | ) | |
| | ) | |
| Defendant. | ) | |

**PLEA AGREEMENT – ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the Court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

Robert Valles Jr.
Attorney for Defendant

10-2-2023
Date

I consulted with my attorney and fully understand all my rights with respect to the charges pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual, which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

Nishant Patel
Defendant

10-2-23
Date

17